# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>RAFAEL M. HERNANDEZ,<br><br>     Defendant. | **ORDER AND<br>NOTICE OF INTENT TO CONSTRUE<br>LETTER AS A MOTION PURSUANT<br>TO 28 U.S.C. § 2255**<br><br>**Case No.  2:08CR304 DAK** |

This matter is before the court on a letter from Defendant, which the court received on October 23, 2009.   In the letter, Defendant requests appointment of new counsel, which is apparently based on Defendant's belief that he was "forced into signing paperwork that I did not fully understand nor was it ever fully discussed [with] me."   Thus, the court has construed his letter as a motion for new counsel and also as a motion to withdraw his guilty plea.

To the extent Defendant is seeking to withdraw his guilty plea, the court denies the request.   A valid guilty plea must be knowingly, intelligently, and voluntarily made.   *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir.1998); *see also* Fed. R. Crim. P. 11(b)(2).   Rule 11(d) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a plea of guilty: (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea but before it imposes sentence, if: (a) the court rejects the plea agreement under Rule 11(c)(5); or (b) the defendant can show a fair and just reason for requesting the withdrawal.

Rule 11(e) states, however, that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty . . .  and the plea may be set aside only on direct appeal or collateral attack."

In this case, Defendant has already been sentenced, and thus, he may not withdraw his plea of guilty at this point.   His plea may be set aside only on direct appeal or collateral attack. Because there is no possibility of setting aside the guilty plea at this juncture, there is no reason to appoint new counsel.

To the extent Defendant seeks to appeal, the court will grant an extension of time–until November 12, 2009--in which to file a Notice of Appeal.  In addition, because Defendant seems to argue that his counsel was ineffective, which is more properly brought as a § 2255 motion rather than as a direct appeal, the court also gives notice of its intent to treat Defendant's request as a motion filed pursuant to 28 U.S.C. § 2255.[1]  *See United States v. Kelly*, 235 F.3d 1238 (10th Cir. 2000).

Defendant has several options regarding a possible § 2255 motion.   He may (1) file a letter or pleading indicating that the court may recharacterize his request as a § 2255 Motion, (2) supplement his request, or (3) withdraw his request.   The court will not consider Defendant's possible § 2255 request unless and until the court receives permission from Defendant.

For the Defendant's convenience, the court has enclosed a copy of *United States v. Kelly*,

---

[1]  Because of the prohibition against successive § 2255 motions, the court must give notice of its intent to recharacterize the motion and give Defendant an opportunity to withdraw or supplement the motion.  Federal prisoners seeking relief under § 2255 generally must marshal all of their claims into one collateral attack on their conviction and/or sentence.  *See Kelly*, 235 F.3d at 1241-42.  Therefore, before the court proceeds on the § 2255 motion, it must obtain Defendant's permission to treat the request as a § 2255 motion.

235 F.3d 1238 (10th Cir. 2000) and also a Form § 2255 Petition.  While Defendant should take

any action he deems appropriate, the court notes that, in his Plea Agreement, Defendant waived

his right to appeal and to file a collateral review, including a motion brought under 28 U.S.C. §

2255.  The court has attached a copy of the Plea Agreement for Defendant's review.

<strong>CONCLUSION</strong>

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's letter request,

which has been construed as a Motion for Appointment of New Counsel and/or a Motion to

Withdraw Guilty Plea, is DENIED.   The court hereby gives notice of its intent to treat the letter

as a  Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 if

Defendant so notifies the court that it may do so, as set forth above.

DATED this 29th day of October, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge